

DA 13-0219

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 284N

IN THE MATTER OF:

A.T. and R.T.,

    Youths in Need of Care.

APPEAL FROM:    District Court of the Twentieth Judicial District,
                In and For the County of Sanders, Cause No. DN 11-03
                Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Lucy Hansen, Hansen Law Practice; Missoula, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant
                Attorney General; Helena, Montana

                Robert Zimmerman, Sanders County Attorney, Amy Kenison, Deputy
                County Attorney; Thompson Falls, Montana

                                Submitted on Briefs:  September 11, 2013

                                              Decided:   October 1, 2013

Filed:

                    _____
                                    Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      J.Z.T., the Father, appeals from the Order of the District Court for the Twentieth Judicial District of Montana, Sanders County, terminating his parental rights to his two children (Children). We affirm.

¶3      The Children were adjudicated Youths In Need of Care (YINC) on January 3, 2012, due to allegations of psychological abuse, physical neglect and exposure to unreasonable risk.

¶4      The record demonstrates that the Father and the Mother (parents) fight constantly in front of the Children, pushing each other and shouting profanities at each other. They smoke marijuana in the presence of, and while caring for, the Children. They also abuse prescription drugs. The Father has submitted urinalysis scans that were positive for amphetamine, opiates and benzodiazepines. The parents were evicted from rental homes twice in three months. They currently reside in a trailer behind the paternal grandfather's home that does not have heat or running water.

¶5      The Department of Public Health and Human Services, Child and Family Services Division (the Department), made reasonable efforts to avoid protective placement of the Children or to make it possible to safely return the Children to their parents' care. The

parents agreed to place the Children in foster care for a week in 2011 so the Mother could detox at home. The parents were offered voluntary treatment plans on April 15, 2011. The parents completed chemical dependency evaluations. Both evaluations recommended inpatient treatment. Neither parent completed inpatient chemical dependency treatment.

¶6 The District Court approved a treatment plan for the parents on February 27, 2012. The treatment plan sought to address chemical dependency issues and how they affect parenting skills; to work on anger management skills, communication skills, relationship skills and parenting skills; to complete psychological/parental evaluations and follow recommendations; to maintain safe and stable housing; to refrain from criminal activity; to improve parenting skills, child development, nutrition and life skills; and, to maintain income through employment or other legal means. Both parents signed the treatment plan on February 16, 2012. The Father's attorney signed the plan on February 21, 2012.

¶7 The treatment plan was not successful. The Father claims he tried to gain admittance to the Montana Chemical Dependency Center (MCDC) on two occasions to receive inpatient treatment, but failed. The Father obtained some outpatient treatment from Flathead Valley Chemical Dependency Center. On August 7, 2012, the Flathead Valley Chemical Dependency Center sent the parents a letter stating that, due to no-show appointments, their files would be closed. From July through August, the Father attended only thirty-six percent of scheduled therapy sessions. The parents attended only approximately fifty percent of the parenting classes they were required to complete. In a report to the court on August 15, 2012, the child protection specialist assigned to the case reported that visits between the

3

parents and Children had been shortened to one two-hour visit a week. The parents attended only about fifty percent of the visits. Because the Children were disappointed when the parents failed to show up for visits, the parents were required to call the visitation supervisor twenty-four hours in advance for a visit. The parents failed to maintain safe and stable housing. They failed to find employment or provide a household budget. The Father pled guilty to driving with a suspended license and no insurance.

¶8 The District Court found that the parents had not complied with the treatment plan. It further found that the parents' conditions rendering them unfit were unlikely to change because, even after the Children had been in foster care for over a year, both parents had unaddressed chemical dependency issues and were unable or unwilling to care for the Children. Accordingly, the District Court ordered termination of both parents' parental rights. Only the Father appeals.

¶9 We review a district court's decision to terminate parental rights for an abuse of discretion. *In re E.Z.C.*, 2013 MT 123, ¶ 19, 370 Mont. 116, 300 P.3d 1174. This Court will not disturb a district court's decision on appeal unless there is a mistake of law or a finding of fact not supported by substantial evidence that would amount to a clear abuse of discretion. *In re D.B.*, 2012 MT 231, ¶ 17, 366 Mont. 392, 288 P.3d 160 (internal quotation omitted). We review a district court's findings of fact to determine whether they are clearly erroneous and its conclusions of law to determine whether they are correct. *In re E.Z.C.*, ¶ 19.

4

¶10 A district court may order termination of a parent-child legal relationship when the court makes a finding that the child is an adjudicated YINC and both of the following exist: (1) an appropriate treatment plan that has been approved by the court has not been complied with by the parent, or has not been successful; and (2) the conduct or condition of the parent rendering the parent unfit is unlikely to change within a reasonable time. Section 41-3-609(1)(f), MCA. Factors a court must consider in determining whether a parent's conduct or condition rendering the parent unfit are likely to change include "emotional illness, mental illness, or mental deficiency of the parent of a duration or nature as to render the parent unlikely to care for the ongoing physical, mental, and emotional needs of the child within a reasonable time." Section 41-3-609(2)(a), MCA. Prior to entering an order terminating parental rights, a district court must adequately address each applicable statutory criterion and the party seeking termination of parental rights must present clear and convincing evidence to the district court that the applicable statutory criteria have been met. *In re M.T.*, 2002 MT 174, ¶ 26, 310 Mont. 506, 51 P.3d 1141.

¶11 The Father argues that the Department's treatment plan was inadequate because it was not individualized and the Department did not assist him in entering an inpatient chemical dependency treatment program. He argues that the District Court therefore abused its discretion by terminating his parental rights relying, in part, on its finding that he failed to complete the treatment plan.

¶12 A parent who does not object to a treatment plan's goals or tasks waives the right to argue on appeal that the plan was not appropriate. *In re D.S.B.*, 2013 MT 112, ¶ 10, 370

Mont. 37, 300 P.3d 702 (quotation omitted). Where a parent fails to object to a treatment plan in a timely manner, the parent waives any argument regarding the propriety of the treatment plan. *See In re A.A.*, 2005 MT 119, ¶¶ 21-28, 327 Mont. 127, 112 P.3d 993.

¶13 We will not consider the Father's argument regarding his treatment plan's propriety because he failed to object to the treatment plan in a timely manner. The Father signed the treatment plan on February 16, 2012. His attorney signed it on February 21, 2012. The Father did not object to the treatment plan at that time, or at any time until after his parental rights had already been terminated. We will not consider the Father's challenge to the plan's adequacy now.

¶14 The Father also challenges the District Court's determination that the conduct or condition making him unfit was unlikely to change within a reasonable time. He alleges that the District Court's determination was not based on clear and convincing evidence because it did not consider testimony from the psychologist who evaluated the Father.

¶15 Although § 41-3-609(2)(a), MCA, requires the District Court to consider a parent's "emotional illness, mental illness, or mental deficiency" in determining fitness, no statutory criterion requires that such consideration be based on a professional psychological evaluation. Here, ample evidence supported the District Court's determination that the Father's conduct or condition was unlikely to change within a reasonable time. The Father had not completed inpatient chemical dependency treatment, had made minimal progress in counseling sessions with the Mother, had submitted several dirty urinalyses, and had failed to show for a number of treatment appointments. Further, the Father's "emotional illness,

6

mental illness, or mental deficiency" were not the primary factors underlying the District Court's decision about his fitness—his persistent drug problem, and failure to address that drug problem, were more determinative.

¶16    We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our Internal Operating Rules, which provides for noncitable memorandum opinions.  The District Court's determination that the Father's conduct or condition was unlikely to change, under the circumstances cited above, did not amount to an abuse of discretion.

¶17    Affirmed.

/S/ MICHAEL E WHEAT


We concur:

/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE

7